

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 14, 1970

Honorable Robert S. Calvert           Opinion No. M- 553
Comptroller of Public Accounts
Capitol Building                       Re:   Whether fraternal and
Austin, Texas                                veterans organizations
                                             operating clubs under
                                             the Locker System or
                                             the Pool System as those
                                             terms are defined in Article
                                             666-15(e), Vernon's Texas
                                             Penal Code, but such clubs
                                             not licensed as Private
                                             Clubs, are required to
                                             obtain Sales Tax Permits
                                             and report and remit the
                                             tax on the gross receipts
                                             received for the furnish-
                                             ing, serving or distribution
                                             of alcoholic beverages, set-
                                             ups, mix, food, soft drinks,
                                             etc., to their members and
                                             their guests; and, if so,
                                             may they furnish resale
                                             certificates at time of
                                             the purchase of such
                                             commodities in lieu of
Dear Mr. Calvert:                            paying sales tax thereon?

        In your recent request for an opinion of this Office,
you state the following facts and ask the following questions:

        "Prior to October 1, 1969 the Comptroller
        of Public Accounts required social clubs,
        fraternal and similar organizations operating
        on a membership basis to report and remit the
        sales and use tax upon the gross receipts for
        the furnishing and distribution to its members
        and guests of any tangible personal property,
        including set-ups, mixes, ice, meals or other
        food and drinks (other than alcoholic beverages

exempt under former Article 20.04(B)(2) of the Limited Sales, Excise and Use Tax Act).

"Effective October 1, 1969, Article 6 of H.B. 4, 2d Called Session, 61st Legislature amended Section 15e, Article 1 of the Texas Liquor Control Act, as amended (Article 666-15(e), Texas Penal Code) by adding thereto Subsection 6b. The new subsection exempts from the Limited Sales, Excise and Use Tax Act the preparation and/or serving of alcoholic beverages to the members and guests of private clubs licensed as such by the Liquor Control Board. A special private club service fee was imposed by the amendment in lieu of the sales tax in the amount of five cents for each serving of an alcoholic beverage by a private club. H.B. 4 eliminated the general exemption for alcoholic beverages from the sales tax formerly contained in Article 20.04(B)(2).

"Sales Tax Ruling No. 95-0.53 was issued effective October 1, 1969, to reflect the provisions of subsection 6b as it pertains to activities of licensed private clubs. It is the interpretation of the Comptroller that all other clubs and organizations which serve or distribute alcoholic beverages, including fraternal and veterans organizations, lodges and similar organizations, are subject to applicable provisions of the Limited Sales, Excise and Use Tax Act pertaining to retailers of tangible personal property. Consequently, such organizations are required to collect and remit the tax on the total charges or gratuities collected for each drink, beverage, set-up, mix, meal or other nonexempt food served, distributed or otherwise furnished to members and guests. As a retailer the organization is required to hold a Sales Tax Permit and is entitled to issue resale certificates in lieu of paying sales tax when purchasing such items from package stores, beer distributors, and other suppliers.

Honorable Robert S. Calvert, Page 3 (M- 553)

> "Certain organizations have questioned the
> foregoing interpretation and alleged that with
> respect to beer and other alcoholic beverages
> the only responsibility of the unlicensed
> fraternal or veterans organization is to pay
> tax on such items at the time of their purchase
> thereof.

> "Your official opinion is respectfully
> requested whether the mentioned clubs and
> organizations that are not licensed by the
> Liquor Control Board as private clubs are
> required to obtain Sales Tax Permits and report
> and remit the tax on the gross receipts received
> for the furnishing, serving or distribution of
> any taxable items including drinks, food and
> other nonexempt items mentioned above which are
> furnished to such members and guests.  In the
> event your answer is in the affirmative, your
> official opinion is requested whether such
> organizations may furnish resale certificates
> in lieu of paying sales tax at time of purchase
> of alcoholic beverages and other items pur-
> chased for the purpose of furnishing them to
> members and guests."

Though you do not so state, we make the reasonable assumption in the premises that the operations of the organizations inquired about are in conformity with one of the systems defined in Section 1, Article 666-15(e), Vernon's Texas Penal Code, i.e. a Locker System or Pool System.

The controlling question evolving from your request seems to be whether the exemption from the provisions of the Limited Sales, Excise and Use Tax Act added to Section 1 of Article 666-15(e), Vernon's Texas Penal Code by the 61st Legislature in 1969, and numbered Subsection 6b, which became effective October 1, 1969, extends in favor of fraternal or veterans organizations operating private clubs according to the definitions and terms of said Sec. 1 of Art. 666-15(e), but not holding Private Club Registration Permits prescribed by said Sec. 1 of Art. 666-15(e). Subsection 6b of Sec. 1, Art. 666-15(e) appears as follows:

> "6b.  Neither the preparation and/or serving
> of alcoholic beverages by a private club to its

-2642-

> members and guests, nor the collection of
> gratuities from members and guests shall be
> considered as a sale for consideration and
> shall be completely exempt from the provisions
> of the Limited Sales, Excise and Use Tax Act,
> as amended. In lieu of the tax imposed by the
> Limited Sales, Excise and Use Tax Act, as
> amended, there is hereby imposed a special
> private club service fee in the amount of five
> cents ($0.05) for each individual serving of
> an alcoholic beverage by such club. Such fee
> shall be imposed at the time of the delivery
> to the member or guest of the container con-
> taining any of said beverages. The special
> private club service fee shall be added to
> the club's other charges for service of the
> alcoholic beverage and shall be an obligation
> of and collected from the person receiving
> the service. The Board shall have power to
> make such rules and regulations as are neces-
> sary for the collection of this service fee."

This office has previously held that an act of the 57th Legislature in 1961 exempting fraternal and veterans organizations from the application of Art. 666-15(e) as it then existed, clearly and unambiguously relieved fraternal and veterans organizations from the operation of such law and from any duty or liability to qualify under same, and the clubs operated by such organizations were thereby authorized to serve the members' liquor to them and receive a service charge therefor under Article 666-15(e), through the use of the locker or pool system, without obtaining a permit, such method not being deemed a sale within the ambit of the statute. (Opinion No. C-693, May 26, 1966.) The exemption of fraternal and veterans organizations was amended but not materially changed by the 61st Legislature in 1969; such amendment restricting the exemption to fraternal and veterans organizations any part of whose property is exempt, or would be exempt, from taxation under Article 7150, Revised Civil Statutes of Texas, 1925, as then or later amended.

Thus, from this Opinion we find that the major thrust of our prior holdings in this regard is that the exempt organizations so treated in said Article 666-15(e) are not excluded but are exempted from the Act; in other words, as a favored class they are permitted to participate in the operations allowed under said law without fee or permit; that any other ruling would necessarily

declare that the fraternal and veterans organizations were entirely excluded from the rights and privileges afforded by the said Article 666-15(e) and not entitled to operate a private club, thereby rendering that portion of the law unconstitutional because of being unreasonable and arbitrary class legislation in violation of the "equal protection of laws" provisions of both State and Federal Constitutions. Sec. 3, Article I, Constitution of Texas; Fourteenth Amendment to the Constitution of the United States; 12 Tex.Jur.2d 457, Constitutional Law, Sec. 110. Also see the other authorities cited in said Opinion No. C-693.

We find the principles of law stated in said Opinion still valid and applicable to the questions now before us. Fraternal and veterans organizations being permitted by law to operate private clubs in the same manner as Permittees under the terms of Art. 666-15(e), it then follows that such organizations are entitled to all the benefits and privileges bestowed upon Permittees by such Article, including the complete exemption therein contained from the provisions of the Limited Sales, Excise and Use Tax Act insofar as the preparation and/or serving of alcoholic beverages by a private club to its members and guests, and the collection of gratuities therefor, is concerned. As to the non-exempt items mentioned in your request, the preparation and/or serving of same by such clubs operated by fraternal and veterans organizations is subject to the provisions of the Limited Sales, Excise and Use Tax Act, and as to such items the clubs are Retailers under such Act and required to obtain sales tax permits and remit the tax on the total charges or gratuities received therefor.

In reference to the question posed by the last sentence of your request, in view of our foregoing ruling that the alcoholic beverages in question can be served or dispensed by any of such clubs only under the terms and methods prescribed by said Art. 666-15(e), it is apparent that the final sale of the liquor in question for which any sales tax would accrue would occur at the time of its purchase from the dealer. In this connection it is pointed out that subsection 6b of Sec. 1, of said Art. 666-15(e) expressly prohibits from consideration as a sale, the preparation and/or serving of alcoholic beverages by such clubs to their members and guests, and the collection of gratuities therefor. Furthermore, this office has heretofore held in said Opinion No. C-693 that the use of the "Locker

System" or "Pool System" as provided for in Art. 666-15(e), Vernon's Penal Code, does not constitute a <u>sale</u>. Therefore, our answer to that part of such question pertaining to the alcoholic beverages purchased for such purposes is that no resale certificates are authorized. In reference to the non-exempt items also inquired about, our answer is that the laws authorizing retail certificates in lieu of the tax upon the purchase of non-exempt items for resale are available to such clubs as they are to any Retailer under the Limited Sales, Excise and Use Tax Act.

### S U M M A R Y

Fraternal and veterans organizations operating Private Clubs in accordance with the definitions and terms of Sec. 1 of Art. 666-15(e), Vernon's Texas Penal Code, but not holding Private Club Registration Permits prescribed by said Article, are within the exemption from the provisions of the Limited Sales, Excise and Use Tax Act as to the preparation and/or serving of alcoholic beverages to their members or their guests, and the collection of gratuities for services. As to set-ups, mix, food, soft drinks and other non-exempt commodities so served, such organizations are amenable to said Limited Sales, Excise and Use Tax Act and obligated to comply therewith. No resale certificates in lieu of sales tax are authorized on behalf of purchaser of the liquor in question from the dealer. Resale certificates are authorized for the purchase of the non-exempt items so served.

Yours very truly,

Crawford C. Martin
Attorney General of Texas

Prepared by R. L. Lattimore
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
Alfred Walker, Co-Chairman
Gordon Cass
Jay Floyd
Jack Sparks
Roland Allen

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant